Daquan Blyther (NC Bar: 57191)
*daquan@solomonlawsc.com*
**SOLOMON LAW GROUP, PLLC**
Post Office Box 1866
Columbia, SC 29202
(803) 391-3120 (office)
(803) 509-7033 (facsimile)
---

Thiago M. Coelho (State Bar No. 324715)
*thiago.coelho@wilshirelawfirm.com*
Chumahan B. Bowen (State Bar No. 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (State Bar No. 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
9701 Wilshire Blvd., 12th Floor
Los Angeles, California 90212
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff*
*and the Proposed Classes*



**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NORTH CAROLINA**

DANIEL DUFFEY, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,

Defendant.

Case No.: 5:25-cv-00652-M-RJ

**AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff DANIEL DUFFEY, individually and on behalf of all others similarly situated, bring this action based upon personal knowledge, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation of their attorneys.

## NATURE OF THE ACTION

1. Defendant Arcadia Consumer Healthcare Inc. is a corporation headquartered in Bridgewater, New Jersey, that, among other things, manufactures and sells consumer healthcare products.

2. Defendant sells to retailers for resale certain healthcare products, including products for hair and scalp care, digestive health, vitamins, minerals, and supplements, first aid, oral care, cough and cold, and foot care.[1] Among Defendant's most successful products is its line of Fungi-Nail products sold in Pen, Ointment, and Liquid form (the "Fungi-Nail products"). Fungi-Nail products are sold by dozens of retailers throughout North Carolina and across the United States.

3. Many consumers, including Plaintiff, bought the Fungi-Nail products for the purpose of treating nail fungus, based on the product's name and other







[1] Defendant categorizes the Fungi-Nail products in its "foot care" line of products, as do retailers. *See* https://arcadiach.com/foot-care/(last accessed Dec. 6, 2024).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137




advertising that suggests that the product is intended to treat, and effective at treating nail fungus.[2]

4. However, after buying the products based on the false impression that it "CURE[S] AND PREVENT[S]" "NAIL" "FUNGI" with "MAXIMUM STRENGTH" efficacy and applying it to their nails, consumers do not experience any improvement in their health as it relates to the presence of nail fungus.

5. Despite the name "Fungi-Nail," which suggests that the products are intended to treat, and effective at treating nail fungus, the products contain fine print on a back label disclaimer indicating that the product is *not* meant to treat nail fungus, nor is it effective at doing so.[3]

6. Defendant was aware that many consumers do not read some of the products' back label fine print that disclaims the name's assertion and other front-label representations, and was aware its Fungi-Nail products have no ability to treat nail fungus, yet it proceeded to make those claims on the products' front labels, creating the clear impression that such treatment is possible. The product labels are

[2] As the graphics make clear, the misleading representations are substantially similar on the packaging for the liquid, pen and spray.
[3] *See, e.g.,* https://funginail.com/faqs/why-does-the-fungi-nail-labeling-say-not-effective-on-nails-and-scalp-if-it-is-called-fungi-nail/(last accessed Dec. 6, 2024).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

therefore materially misleading by plainly giving the impression that they treat nail fungus. Hundreds of thousands of consumers have purchased these products with the false belief that they treat nail fungus. Because the Fungi-Nail products do not and cannot treat nail fungus, purchasing consumers have been misled.

7. As a result of Defendant's deceptive and misleading practices, Plaintiff and the Class members were induced to purchase Fungi-Nail products that do not perform as advertised. Defendant has made millions of dollars in fraudulent sales to individuals who Defendant told were receiving a product that is capable of treating nail fungus. Defendant's customers did not receive the benefit of their bargain because the Fungi-Nail products do not treat nail fungus.

## THE PARTIES

8. Plaintiff Daniel Duffey ("Duffey") is a North Carolina citizen residing in Goldsboro, North Carolina. In February and July or August 2025, Plaintiff Duffey purchased two one-ounce bottles of Maximum Strength Fungi-Nail Anti-Fungal Liquid from Walgreens located at 2606 E. Ash Street, at the corner of Berkeley Boulevard, Goldsboro, NC 27534, for approximately $19.99 each. Since purchase, Plaintiff Duffey has regularly applied the product to his nails as directed, with no improvement to the nail fungus condition.

9. Plaintiff Duffey would not have purchased Defendant's Fungi-Nail products if he knew that Fungi-Nail does not treat nail fungus.

10. Plaintiff now knows that Fungi-Nail, in its current formulation, does not treat nail fungus. Going forward, Plaintiff will frequently visit stores that sell Fungi-Nail products. Plaintiff, who suffered chronic nail fungus issues, are at risk of future deception with Fungi-Nail products, because in the future he may reasonably, but incorrectly, assume the products have been improved to treat nail fungus, and might purchase a falsely labeled Fungi-Nail product again.

11. Defendant Arcadia Consumer Healthcare Inc. ("Arcadia") is a Delaware corporation with its principal offices located in Bridgewater, New Jersey.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Arcadia does substantial business, including selling its health products, in North Carolina, and in the Eastern District specifically.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this class action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff, North Carolina citizen, brings this action on behalf of a proposed class of similarly situated individuals against Defendant, a corporation incorporated and with its principal place of business outside the State of North Carolina. The amount in controversy exceeds $5,000,000, and the proposed class includes more than 100 members.

13. Venue is appropriate in the Eastern District under 28 U.S.C. § 1391 because, among other things: (a) Plaintiff resides within the Eastern District; (b) Plaintiff purchased the product in the Eastern District; and (c) many of the acts and omissions that give rise to the claims for relief alleged in this action took place in the Eastern District.

## FACTUAL ALLEGATIONS

14. Plaintiff is an individual who purchased Fungi-Nail products from Walgreens located at 2606 E. Ash Street, at the corner of Berkeley Boulevard, Goldsboro, NC 27534, for approximately $19.99 each. When Plaintiff purchased the product, the product's name "Fungi-Nail" suggested that it is a healthcare product intended for the medical treatment of nail fungus. In addition, the front label reads in font marked by a bright red checkmark in a silver box "Kills Fungus" ("front label claim").

15. On some versions of the products' back labels in fine print stating: "For athlete's foot and ringworm, use daily for 4 weeks. For athlete's foot, pay special attention to spaces between toes. If condition persists longer, consult a doctor. **This product is not effective on the scalp or nails.** Supervise children in the use of this product." (Bold added) ("back label disclaimer"). Plaintiff did not read this disclaimer. Further, a reasonable consumer who read this language would

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

not understand it to negate the front-label promise—the name of the product "Fungi-Nail," which suggests that the product is used to treat nail fungus. At most, if a reasonable consumer read the disclaimer language (most consumers, like Plaintiff, would not), they might understand the language to suggest that the disclaimer relates to *fingernails*, not toenails, given that the product is found in the foot care section.

16. Plaintiff read these statements on the product labels and relied on them when purchasing the products. Plaintiff believed that the claim "Kills Fungus" for a product named "Fungi-Nail" that the product kills all fungus, including, and especially, nail fungus, including toenail fungus.

17. The statement created a false impression. As Arcadia admits, the product does not kill nail fungus.

18. Plaintiff purchased product believing that it would kill nail fungus. They applied the product continuously over a period of several months with no improvement to the fungus on their toenails. Plaintiff received a product that was in fact proven to not kill nail fungus. Plaintiff did not get the product that was advertised.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on her own behalf and pursuant to Federal Rule of Civil Procedure 23. Plaintiff intends to seek certification of two classes defined as follows (collectively "the Classes" or "the Class members"):

> The North Carolina Class: All persons residing in the State of North Carolina who purchased the Fungi-Nail products during the period beginning four years from the date of the filing of the original Complaint to the date of class certification.

> The Nationwide Class: All persons residing in the United States who purchased the Fungi-Nail products during the period beginning four years from the date of the filing of the original Complaint to the date of class certification.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

20. Excluded from the Classes are: (a) Defendant, including any entity in which the Defendant has a controlling interest, is a parent or a subsidiary of, or which is controlled by Defendant; (b) the officers, directors, and legal representatives of Defendant; and (c) the judge and the court personnel in this case as well as any members of their immediate families. Plaintiff reserves the right to amend the definition of the Class(es) if discovery, further investigation and/or rulings by the Court dictate that it should be modified.

21. *Numerosity*. The members of the Classes are so numerous that the joinder of all Class members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, given the amount of Defendant's Fungi-Nail products sold in North Carolina, it stands to reason that the number of Class members is at least in the thousands. Class members are readily identifiable from information and records in Defendant's possession, custody, or control, such as account information and sales records.

22. *Commonality and Predominance*. There are questions of law and fact common to Class members, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

a. Whether Defendant's products contain the name "Fungi-Nail" and whether the products' labels' contain the claim "Kills Fungus";

b. Whether Defendant's product labeling created the impression among their customers that their product would kill nail fungus;

c. Whether a reasonable person would have read the statements "Fungi-Nail" and "Kills Fungus" and any accompanying language to mean that the products had been scientifically proven to kill nail fungus;

d. Whether the "ANTI-FUNGAL" product kills nail fungus;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

e. Whether it has been scientifically proven that the product kills nail fungus;

f. Whether Defendant knew or should have known that it had not been scientifically proven that the product fails to kill nail fungus;

g. Whether Defendant knew or should have known that the products do not kill nail fungus;

h. The nature of the relief, including equitable relief, to which Plaintiff and Class members are entitled; and

i. Whether Plaintiff and Class members are entitled to damages, and/or injunctive relief.

23. *Typicality*. Plaintiff's claims are typical of those of other Class members because Plaintiff, like the other Class members, purchased "Fungi-Nail" products that claimed, "Kills Fungus," but would not in fact kill nail fungus.

24. *Adequacy of Representation*. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff has retained competent counsel experienced in litigation of class actions, including consumer class actions, and Plaintiff intends to prosecute this action vigorously. Plaintiff and Class members have a unified and non-conflicting interest in pursuing the same claims and obtaining the same relief. Therefore, all Class members will be fairly and adequately represented by Plaintiff and his counsel.

25. *Superiority of Class Action*. A class action is superior to other available methods for the fair and efficient adjudication of the claims alleged in this action. The adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudications of the asserted claims. There will be no difficulty in the management of this action as a class action, and the disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court. Damages for any individual Class member are likely insufficient to justify the cost of individual litigation so that, in

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

26. Class certification is also appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class members, such that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

**FIRST CAUSE OF ACTION**

**(Fraud)**

**(North Carolina Class and Nationwide Class)**

27. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

28. Defendant made affirmative statements on the Product's front label and in uniform marketing, including "Kills Fungus," together with the product name "Fungi-Nail." These statements conveyed that the Product kills nail and toenail fungus. These are the "Challenged Representations."

29. The Challenged Representations were false. The Product is not capable of killing nail fungus as represented.

30. When making the Challenged Representations, Defendant knew they were false or acted with reckless disregard for the truth, intending to induce consumers to purchase at the price charged. Defendant possessed and reviewed information showing the Product is not effective against nail fungus, including internal testing and development records, ingredient specifications that do not achieve fungicidal activity in the nail plate, regulatory materials governing permissible antifungal claims, and consumer complaint data regarding lack of effect on nail fungus.

31. Defendant also committed fraud by omission. Having chosen to speak about antifungal performance on the front label, Defendant had a duty to disclose material facts needed to make those statements not misleading. Defendant failed to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

disclose, clearly and conspicuously and at the point of sale, that the Product does not kill nail fungus. Defendant possessed superior and exclusive knowledge of this material fact that was not reasonably available to consumers and intended that consumers, including Plaintiff Duffey, rely on the misleading half-truth.

32. Defendant intended that consumers, including Plaintiff Duffey, rely on the Challenged Representations and omissions to purchase the Product and to pay the price charged.

33. Particulars of the fraud, what. The Challenged Representations include the front-label statement "Kills Fungus," the "Fungi-Nail" name, and substantially similar uniform claims that conveyed nail fungus efficacy. The omitted fact is that the Product does not kill nail fungus and does not treat onychomycosis.

34. Particulars of the fraud, when. The Challenged Representations and omissions occurred during the class period. For Plaintiff Duffey, they occurred in February and July or August 2025.

35. Particulars of the fraud, where. The Challenged Representations appeared on the Product's front label and at the point of sale in North Carolina, including at Walgreens located at 2606 E. Ash Street, at the corner of Berkeley Boulevard, Goldsboro, NC 27534.

36. How the statements and omissions were fraudulent. The statements communicated nail fungus efficacy that the Product does not possess. Any contrary information, if present, was not clear and conspicuous on the front label and did not cure the overall message at the point of purchase. Defendant knew these facts and remained silent about them to induce purchases.

37. Plaintiff Duffey saw and read the front-label "Kills Fungus" statement and the "Fungi-Nail" name before purchasing 2 Fungi-Nail 1 ounce liquid for about $19.99 each in February and July or August 2025 from Walgreens located at 2606 E. Ash Street, at the corner of Berkeley Boulevard, Goldsboro, NC 27534. 2025. She relied on the Challenged Representations and the absence of a clear disclosure

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

that the Product does not kill nail fungus on the front-label. She would not have purchased the Product, or would have paid less, had the truth been disclosed.

38. Plaintiff Duffey's reliance was reasonable. The Challenged Representations appeared on the front label as factual performance claims. No clear front-label qualification corrected the misleading message.

39. As a direct and proximate result of Defendant's fraud, Plaintiff Duffey suffered damages. She paid a price premium over the Product's true value and paid money for a Product that lacked the represented ability to kill nail fungus.

40. Plaintiff Duffey seeks rescission or a reduction of the price, together with damages measured by the difference between the price paid and the value received, and any other loss proximately caused by the fraud.

41. Plaintiff Duffey also seeks punitive damages for Defendant's willful and wanton misconduct, along with pre- and post-judgment interest and costs, and all further relief the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**(Fraudulent Concealment and Omission)**

42. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

43. Defendant made affirmative statements on the Product's front label and in uniform marketing, including "Kills Fungus," together with the product name "Fungi-Nail." These statements conveyed that the Product kills nail and toenail fungus. These are the "Challenged Representations."

44. Defendant omitted and concealed material facts necessary to make the Challenged Representations not misleading. The omitted facts include that the Product does not kill nail fungus and does not treat onychomycosis.

45. A duty to speak arose because Defendant chose to speak about antifungal performance and created a half-truth that would mislead without full disclosure. A duty to speak also arose because Defendant possessed superior

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

knowledge of material facts not readily available to consumers and knew that consumers, including Plaintiff, were acting on the basis of mistaken knowledge created by the front label.

46. Defendant knew the omitted facts or acted with reckless disregard for the truth and intentionally concealed those facts to obtain an unjust advantage and to cause consumers to purchase the Product at the price charged.

47. Defendant intended that consumers, including Plaintiff, rely on the misleading half-truth created by the Challenged Representations and the omission of contrary information.

48. Defendant made and approved the Challenged Representations and withheld the omitted facts.

49. The front-label statement "v," the "Fungi-Nail" name, and substantially similar claims conveyed nail fungus efficacy. The omitted facts are that the Product does not kill nail fungus and is ineffective for onychomycosis.

50. Defendant made these statement during the class period, including Plaintiff's purchase in February and July or August 2025.

51. The statements were on the Product's principal display panel and at the point of sale in North Carolina, including at Walgreens located at 2606 E. Ash Street, at the corner of Berkeley Boulevard, Goldsboro, NC 27534.

52. The front label communicated nail fungus efficacy that the Product does not possess. Any contrary information, if present, was not clear and conspicuous at the point of purchase and did not correct the overall message. Defendant's silence about the omitted facts rendered the label misleading.

53. Plaintiff saw and read the front-label "Kills Fungus" statement and the "Fungi-Nail" name before purchasing 2 Fungi-Nail 1 ounce liquid for about $19.99 each in February and July or August 2025 from Walgreens located at 2606 E. Ash Street, at the corner of Berkeley Boulevard, Goldsboro, NC 27534. Plaintiff was not given a clear disclosure of the omitted facts. Plaintiff relied on the omission and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

the misleading half-truth and would not have purchased, or would have paid less, had the truth been disclosed.

54. Plaintiff's reliance was justifiable because the challenged claim appeared on the front label as a factual performance statement and there was no clear front-label qualification that corrected it.

55. As a direct and proximate result of Defendant's fraudulent concealment and omission, Plaintiff suffered damages, including a price premium and other out-of-pocket losses measured by the difference between the price paid and the value of the Product without the represented attribute.

56. Plaintiff seeks rescission or price reduction, compensatory damages, punitive damages for willful and wanton misconduct, pre- and post-judgment interest, costs, and all further relief the Court deems just and proper.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## **THIRD CAUSE OF ACTION**

### (Negligent Misrepresentation (pled in alternative to fraud))

### (North Carolina Class)

57. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

58. Defendant had a duty to use reasonable care in communicating information about the Product's performance and efficacy to consumers. A special relationship existed for purposes of this claim because Defendant, in the course of its business, possessed and communicated superior knowledge about the Product's efficacy directly to consumers through uniform labeling and point-of-sale marketing with the intent that consumers rely on it, and Plaintiff was a known and intended end-user of that information. Defendant's peculiar knowledge of nonpublic facts about nail-fungus efficacy and consumers' inability to verify those facts before purchase further supports this duty.

59. Defendant made the "Kills Fungus" representation without reasonable care or competence to verify its truth. Defendant should have known the statement

was false or misleading based on information available to it, including testing, ingredient specifications that do not achieve fungicidal activity in the nail plate, regulatory materials, and complaint data.

60. Defendant supplied false information in the course of its business for the guidance of consumers in purchasing decisions, failed to exercise reasonable care in obtaining or communicating the information, and Plaintiff justifiably relied to his detriment.

61. Defendant intended or expected consumers, including Plaintiff, to rely on the representation in deciding whether to purchase and how much to pay.

62. Plaintiff saw the statement at Walgreens located at 2606 E. Ash Street, at the corner of Berkeley Boulevard, Goldsboro, NC 27534., relied on it, and purchased the Products for about $19.99 each.

63. Plaintiff suffered pecuniary loss as a direct and proximate result, including a price premium and out-of-pocket loss.

64. Plaintiff seeks damages and all other relief allowed.

**FOURTH CAUSE OF ACTION**

**(Unfair and Deceptive Trade Practices; N.C. Gen. Stat. § 75-1.1, relief under §§ 75-16 and 75-16.1)**

65. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

66. Defendant engaged in unfair and deceptive acts in or affecting commerce in North Carolina by labeling and advertising the Product with the uniform front-label statement “Kills Fungus” together with “Fungi-Nail,” which was likely to mislead reasonable consumers and did mislead Plaintiff.

67. The Product is not capable of killing nail fungus as represented, which made the labeling false or misleading and deceptive.

68. Plaintiff purchased 2 Fungi-Nail 1 ounce liquid products in February and July or August 2025 saw the front label, and would not have purchased, or

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

would have paid less, had the truth been disclosed.

69. Plaintiff suffered actual injury in the form of a price premium and out-of-pocket loss measured by the difference between the price paid and the value received without the represented attribute.

70. A violation of § 75-1.1 entitles Plaintiff to recover actual damages trebled under § 75-16, together with reasonable attorneys' fees under § 75-16.1 where the statutory standard is met. Plaintiff seeks injunctive relief that halts the deceptive labeling.

**FIFTH CAUSE OF ACTION**

**(Breach of Express Warranty; N.C. Gen. Stat. § 25-2-313)**

**(North Carolina Class)**

71. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

72. Defendant made affirmations of fact and promises on the label and in marketing that "Kills Fungus," together with "Fungi-Nail." These statements became part of the basis of the bargain.

73. The Product did not conform to the affirmations of fact, because it is not capable of killing nail fungus.

74. Plaintiff purchased 2 Fungi-Nail 1 ounce liquid for about $19.99 each in February and July or August 2025 from Walgreens located at 2606 E. Ash Street, at the corner of Berkeley Boulevard, Goldsboro, NC 27534. in reliance on the express warranty.

75. Notice. Plaintiff provided, or Defendant otherwise received, reasonable notice of breach within a reasonable time after discovery, including through pre-suit communications and through service of this complaint, and Defendant had a fair opportunity to cure but failed to do so.

76. Any attempt to disclaim or limit the express warranty is ineffective because it conflicts with specific affirmations on the principal display panel and is

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

not clear and conspicuous.

77. Plaintiff seeks damages measured by the difference between the value of the goods as warranted and the value as received, incidental or consequential damages where allowed, and pre- and post-judgment interest and costs.

## SIXTH CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability;**

**N.C. Gen. Stat. § 25-2-314)**

**(North Carolina Class)**

78. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

79. Defendant is a merchant with respect to goods of this kind. An implied warranty of merchantability arose that the goods would be fit for the ordinary purposes for which such goods are used and would pass without objection in the trade.

80. The Product was not merchantable at the time of sale because it did not perform as an over-the-counter antifungal that kills nail fungus and did not conform to affirmations on the label and container.

81. Plaintiff purchased 2 Fungi-Nail 1 ounce liquid for about $19.99 each in February and July or August 2025 from Walgreens located at 2606 E. Ash Street, at the corner of Berkeley Boulevard, Goldsboro, NC 27534.

82. To the extent privity is required for economic loss on implied warranty against the manufacturer, Plaintiff alleges third-party beneficiary status and a direct-to-consumer labeling and warranty scheme intended to form the basis of the bargain with the ultimate purchaser. Plaintiff reserves the right to add the retail seller upon amendment.

83. This claim is asserted in the alternative against the manufacturer. Plaintiff alleges vertical privity through a direct-to-consumer warranty and labeling

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

scheme intended to form the basis of the bargain with end-users, and as a third-party beneficiary of the contracts between Defendant and its authorized retailers. To the extent the Court finds privity lacking for purely economic loss, Plaintiff reserves the right to pursue this claim against the retail seller upon amendment.

84. Plaintiff provided, or Defendant otherwise received, reasonable notice of breach within a reasonable time after discovery and failed to cure.

85. Plaintiff seeks damages and incidental or consequential damages as provided by statute, with pre- and post-judgment interest and costs.

**SEVENTH CAUSE OF ACTION**

**(Unjust Enrichment; Pled in the alternative)**

**(North Carolina Class)**

86. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

87. Plaintiff conferred a direct monetary benefit on Defendant by paying about $10 for the 1-ounce Product.

88. Defendant appreciated and retained that benefit.

89. It would be inequitable for Defendant to retain the benefit because the Product did not possess the represented performance attribute and the price included a premium attributable to the “Kills Fungus” claim.

90. Plaintiff lacks an adequate remedy at law to the extent legal remedies do not fully restore the benefit unjustly retained.

91. Plaintiff seeks restitution and disgorgement equal to the amount unjustly retained, with interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, pray for relief as follows:

(1) For compensatory damages in an amount to be proven at trial;

(2) For restitutionary damages in an amount to be proven at trial;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

(3) Disgorgement of all monies by which Defendant was unjustly enriched through the sale of the mislabeled Product;

(4) Treble damages where available under N.C. Gen. Stat. § 75-16;

(5) For affirmative injunctive relief mandating that Defendant remove the false advertisements from their product and product packaging;

(6) For costs of suit and litigation expenses;

(7) Reasonable attorneys' fees as allowed by § 75-16.1

(8) The establishment of a constructive trust or common fund for the benefit of the Class, as the Court finds appropriate;

(9) Pre- and post-judgment interest, costs, and any further equitable relief the Court deems just and proper;

(10) For Punitive damages to the extent allowed for the common-law fraud counts;

(11) For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of themselves and all others similarly situated, hereby demands a jury trial for all claims so triable.

Dated: January 5, 2026

*[SIGNATURE TO FOLLOW]*

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*/s/ Daquan Blyther*
Daquan Blyther (NC Bar: 57191)
*daquan@solomonlawsc.com*
**SOLOMON LAW GROUP, PLLC**
Post Office Box 1866
Columbia, SC 29202
(803) 391-3120 (office)
(803) 509-7033 (facsimile)

Thiago M. Coelho (State Bar No. 324715)
*thiago.coelho@wilshirelawfirm.com*
Chumahan B. Bowen (State Bar No. 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (State Bar No. 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
9701 Wilshire Blvd., 12th Floor
Los Angeles, California 90212
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137