IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-652-M-KS

| | | |
|---|---|---|
| DANIEL DUFFEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARCADIA CONSUMER HEALTHCARE INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court on Defendant's motion to dismiss Plaintiff's first amended complaint or, in the alternative, to stay the proceedings, the motion having been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has responded in opposition to Defendant's motion, and Defendant has replied. The matter is therefore ripe for ruling.

## BACKGROUND

This is a putative class action against Arcadia Consumer Healthcare Inc. ("Arcadia") based on allegedly deceptive labeling on Aracadia's Fungi-Nail products. (Am. Compl. [DE #14].) Plaintiff asserts both a nationwide class of all United States residents who purchased Fungi-Nail products and a separate class of all North Carolina residents who purchased Fungi-Nail products. (*Id.* at 6.)

This is one of five such putative class actions which are pending in federal district courts.[1] The first action, *Hayde v. Arcadia Consumer Healthcare Inc.*, No. 8:24-CV-2657-JDE, was filed on December 6, 2024, in the United States District Court for the Central District of California. *Hayde* asserts a nationwide class and a California class of individuals who purchased Fungi-Nail products. 2d Am. Compl., *Hayde*, No. 8:24-CV-2657, ECF No. 35, at 5 (C.D. Cal. Apr. 16, 2025). The instant case is the second such action, having been filed on October 14, 2025. (Compl. [DE #1].) On March 12, 2026, *White v. Arcadia Consumer Healthcare Inc.*, No. 2:26-CV-14082-AMC, was filed in the Southern District of Florida, asserting a class of all Florida residents who purchased Fungi-Nail products. Am. Compl., *White*, No 2:26-CV-14082-AMC, ECF No. 7 (S.D. Fla. Apr. 9, 2026).[2] A fourth action, *Kathrein v. Arcadia Consumer Healthcare, Inc.*, No. 3:26-CV-50217, was filed in the Northern District of Illinois on May 28, 2026, asserting a class of all Illinois residents who purchased Fungi-Nail products. Compl., *Kathrein v. Arcadia Consumer Healthcare, Inc.*, No. 3:26-CV-50217, ECF No. 1 (N.D. Ill. May 28, 2026). Most recently, *Pisula v. Arcadia*

---

[1] A PACER search reveals three prior class action suits filed against Arcadia based upon the labeling of Fungi-Nail products, each of which was dismissed voluntarily or upon stipulation of the parties. *See Delphia v. Kramer Labs., Inc.*, No. 0:23-CV-60115-AHS (S.D. Fla. Apr. 6, 2023) (voluntary dismissal); *Vogel v. Arcadia Consumer Healthcare, Inc.*, No. 6:23-899-CEM-RMN (M.D. Fla. July 6, 2023) (stipulation of dismissal); *Delphia v. Arcadia Consumer Healthcare, Inc.*, No. 1:23-CV-819-HBK (E.D. Cal. Aug. 15, 2023) (voluntary dismissal).

[2] As discussed *infra*, *White* has recently been transferred to the United States District Court for the Central District of California. *See White v. Arcadia Consumer Healthcare Inc.*, No. 2:26-CV-7207-HDV-DSR (C.D. Cal. filed June 25, 2026).

*Consumer Healthcare Inc.*, No. 1:26-CV-574-DRC, was filed June 8, 2026, in the Southern District of Ohio, asserting a class of all Ohio residents who purchased Fungi-Nail products. Compl., *Pisula*, No. 1:26-CV-574-DRC, ECF No. 1 (S.D. Ohio June 8, 2026). Defendant moves to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted and for lack of standing. Alternatively, Defendant seeks to stay this action, pursuant to the "first-filed" or "first-to-file" rule, pending final disposition of *Hayde* by the United States District Court for the Central District of California.

**DISCUSSION**

"Comity requires that federal district courts, which are courts of equal rank and coordinate jurisdiction, be careful to avoid unnecessary interference with each other's affairs." *Sawgrass Techs., Inc. v. Tex. Original Graphics, Inc.*, No. 2:05-CV-1696-TLW, 2005 WL 8165519, *2 (D.S.C. Dec. 9, 2005). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985)).

The first-to-file rule encourages comity. Where multiple lawsuits raising substantially similar claims are filed in different federal courts, the rule provides, the first action filed "should have priority, absent the showing of balance of convenience in favor of the second action." *Jean-Francois v. Smithfield Foods, Inc.*, No. 7:22-CV-

63-D, 2022 WL 17813139, at *2 (E.D.N.C. Dec. 19, 2022) (quoting *Ellicott Mach. Corp. v. Mod. Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974)). "Ordinarily, the court first acquiring jurisdiction of a controversy should be allowed to proceed with it without interference from other courts under suits subsequently instituted." *Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems.*, 140 F.2d 47, 49 (4th Cir. 1944).

The rule is "particularly applicable to class actions." *Farina v. Mazda Motor of Am., Inc.*, No. 3:23-CV-50-MOC-SCR, 2023 WL 4241675, at *4 (W.D.N.C. June 28, 2023). This is especially true at the pre-certification stage, where courts often grapple with "'overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." *Id.* (quoting *Troche v. Bimbo Foods Bakeries Distrib. Inc.*, No. 3:11-CV-234-RJC-DSC, 2011 WL 3565054, at *2 (W.D.N.C. Aug. 12, 2011)); *see also Cox v. Air Methods Corp.*, No. 1:17-CV-4610, 2018 WL 2437056, at *4 (S.D.W. Va. May 30, 2018) ("[T]he first-to-file rule is 'particularly appropriate,' in a pre-class certification context, as it avoids 'multiple attempts at certification in two different courts.'" (quoting *Ortiz v. Panera Bread Co.*, No. 1:10-CV-1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011))).

A suit falls within the purview of the first-to-file rule if it is sufficiently similar to a previously filed action. *Farina*, 2023 WL 4241675, at *4. Courts in the Fourth Circuit consider the following factors in making that determination: (1) the chronology of the filings; (2) the similarity of the parties; and (3) the similarity of the issues at stake. *Id.* If sufficiently similar, the court must then determine whether "the 'balance of convenience' nevertheless counsels against its application." *Id.*

This action is subject to the first-to-file rule. *Hayde* was filed December 6, 2024, more than ten months before this action was filed on October 14, 2025. While this case is still in its nascent stage, *Hayde* is in a more advanced posture. Arcadia filed a 12(b) motion in *Hayde*, raising many of the same issues raised in its motion to dismiss this action. The *Hayde* court ruled on Arcadia's motion over a year ago. Order Mot. Dismiss, *Hayde*, No. 8:24-CV-2657-JDE, ECF No. 31 (C.D. Cal. Mar. 28, 2025). Class certification motions are due in *Hayde* August 3, 2026, and fact discovery is due to be completed December 28, 2026. Order 3d Mod. Sch. Order, *Hayde*, No. 8:24-CV-2657-JDE, ECF No. 75 (C.D. Cal. May 18, 2026).

There is also substantial similarity between the plaintiff classes. *See Farina*, 2023 WL 4241675, at *5 ("[I]n a class action, 'the classes, and not the class representatives, are compared.'" (quoting *Blackwell v. Midland Credit Mgmt., Inc.*, No. 2:18-CV-2205-RMG, 2018 WL 4963166, at *3 (D.S.C. Oct. 15, 2018))). Both actions propose a nationwide class of consumers, and the North Carolina class proposed here would be subsumed within any nationwide class.

Both actions also raise substantially similar issues. At their core, *Hayde* and the instant action involve allegations of false or misleading labeling of Arcadia's Fungi-Nail antifungal products. The key issue raised is whether front-label statements may mislead reasonable consumers about the usage and efficacy of the Fungi-Nail product despite disclaimers and text on other parts of the label. The actions raise common questions of fact and seek the same or similar relief, even if under different state laws. Thus, the inclusion of additional, state-specific consumer

law claims does not prevent application of the law. *See Troche*, 2011 WL 3565054, at *3 ("[T]he presence of additional but related state law claims does not mean that the cases are so dissimilar as to avoid the application of the first-filed rule.").

Notwithstanding applicability of the first-to-file rule, courts should decline to stay or transfer an action where "the balance of convenience" or other special circumstances (such as forum shopping, anticipatory filing, or bad faith) weigh in favor of allowing a later-filed suit to proceed. *Farina*, 2023 WL 4241675, at *6. In this case, the factors weigh in favor of a transfer or stay—resolving *Hayde* first will streamline or resolve overlapping issues (including issues related to overlapping or duplicative classes), reduce duplicative discovery, conserve judicial resources, and avoid inconsistent rulings. The opposite would result if both cases were permitted to proceed separately. *See Troche*, 2011 WL 3565054, at *3 ("'For two district courts to supervise what promises to be lengthy and complicated discovery and subsequent trial proceedings would be the epitome of judicial waste' . . . and would be contrary to the policies underlying the first-filed rule." (quoting *Charlotte-Mecklenburg Hosp. Auth. v. Facility Wizard Software, Inc.*, No. 3:08-CV-00463-FDW, 2008 WL 5115281, at *1 (W.D.N.C. Dec. 4, 2008))).

The only other court to have addressed the rule's applicability to the five pending putative actions against Arcadia is the Southern District of Florida. In *White* (the third filed case), the Southern District of Florida found transfer based on the first-to-file rule warranted even though only a Florida class and violations of Florida law are asserted in the action. *White*, No. 2:26-CV-14082-AMC, ECF No. 19 (S.D. Fla.

June 25, 2026) (transferring action to Central District of California "for the reasons articulated in Defendant's Motion").

Like the *White* court, the undersigned finds *Hayde* and this action sufficiently similar to warrant a stay or transfer pursuant to the first-to-file rule. Accordingly, it is recommended that Defendant's motion to stay be granted and Defendant's motion to dismiss be denied without prejudice to file a renewed motion, if appropriate, at a later date. *See Anderson v. Electrolux Home Prods., Inc.*, No. 3:23-CV-560-RJC-DCK, 2024 WL 4279517, at *1 (W.D.N.C. Sept. 24, 2024) (denying without prejudice motion to dismiss upon stay of action pursuant to first-to-file rule).

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the court ORDER as follows:

1. Defendant's motion to stay [DE #20] is GRANTED, and this action is STAYED in its entirety pending final disposition of *Hayde v. Arcadia Consumer Healthcare Inc.*, No. 8:24-CV-2657-JDE (C.D. Cal.);

2. Defendant's motion to dismiss [DE #20] is DENIED WITHOUT PREJUDICE to file a renewed motion to dismiss, if appropriate, within fourteen (14) days after the stay is lifted; and

3. The parties shall promptly inform the court of any resolution of the *Hayde* action, whether upon motion, settlement, or trial. Additionally, the parties shall file a joint notice informing the court of the status of the *Hayde* action on or

before **January 15, 2027**, and every six months thereafter until such time as the stay is lifted in this action.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **July 29, 2026,** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 15th day of July 2026.

KIMBERLY A. SWANK
United States Magistrate Judge